# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. BANE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0805**  (BOR Appeal No. 2050252)
                    (Claim No. 2013034395)

**HEALTHSOUTH CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Kimberly A. Bane, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Healthsouth Corporation, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board affirmed a February 19, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 5, 2014, decision denying a request to add a tear of the medial cartilage or meniscus of the knee, pain involving the lower leg, and osteoarthrosis as compensable components of Ms. Bane's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bane injured her left knee on June 17, 2013, while assisting a patient in the course of her employment as a rehabilitation technician. She filed an application for workers' compensation benefits and the claim was subsequently held compensable for a left knee sprain. Approximately two weeks after the compensable injury, a left knee MRI was performed which revealed the presence of advanced arthritic changes throughout the joint. Additionally, the MRI revealed a complex tear of the posterior horn of the medial meniscus.

1

Following the injury, Ms. Bane sought treatment with Edward McDonough, M.D., whose July 23, 2013, treatment note revealed a diagnosis of osteoarthritis in the left knee and a degenerative tear of the left medial meniscus. Dr. McDonough authored a diagnosis update request on February 24, 2014, in which he listed Ms. Bane's primary diagnosis as a tear of the cartilage or meniscus of the left knee, and her secondary diagnoses as joint pain in the lower leg and unspecified osteoarthrosis. On March 5, 2014, the claims administrator denied Dr. McDonough's request to add a tear of the cartilage or meniscus of the left knee, pain involving the lower leg, and osteoarthritis as compensable diagnoses.

Following the claims administrator's rejection of Dr. McDonough's request to add additional diagnoses as compensable components of Ms. Bane's claim, Jonathan Luchs, M.D., performed an age of injury analysis utilizing the findings of the June 30, 2013, left knee MRI. Dr. Luchs opined that the MRI revealed a frayed degenerative tear of the medial meniscus with osteoarthropathy throughout the joint. He further opined that the findings of the June 30, 2013, left knee MRI are all chronic and degenerative in nature.

The Office of Judges affirmed the March 5, 2014, claims administrator's decision in its Order dated February 19, 2015. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its Order of July 29, 2015. On appeal, Ms. Bane asserts that the evidence of record demonstrates that the requested additional diagnoses should be added as compensable components of her claim.

The Office of Judges noted that in a prior decision dated January 22, 2014, it denied a request from Dr. McDonough for authorization of arthroscopic surgery aimed at repairing the torn meniscus in the left knee based upon a finding that there is insufficient medical evidence linking the surgical procedure at issue to the compensable injury. Further, the Office of Judges noted that Dr. Luchs's age of injury analysis attributed the findings of the June 30, 2013, MRI, including the torn meniscus, to chronic degenerative changes. The Office of Judges then found that the diagnosis update request provide by Dr. McDonough did not explain how the diagnoses listed in the request are causally related to the compensable injury. Finally, the Office of Judges concluded that in the absence of narrative reasoning linking the requested diagnoses to the compensable injury, the record contains insufficient evidence to allow the addition of the requested diagnoses as compensable components of Ms. Bane's claim for workers' compensation benefits.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. All of the medical evidence of record, including the treatment notes of the physician requesting the addition of the additional diagnoses as compensable components of the claim, characterized the meniscus tear as degenerative in nature and characterized the rest of Ms. Bane's symptoms as related to arthrosis. As was noted by the Office of Judges, none of the medical evidence of record links the requested diagnoses to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 12, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum